925 F.2d 1464
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank La MAR, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants,
Gayla Jones, individually and in official capacity,
Defendant-Appellee.
 No. 90-1859.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This pro se Michigan prisoner appeals the summary judgment for the defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. Frank La Mar brought this civil rights action against the Michigan Department of Corrections (MDOC); the Records Office Supervisor at Carson City Correctional Facility (CCCF); the Business Manager at CCCF; and the Storekeeper at CCCF. He alleged that the defendants denied him meaningful access to the courts in three respects: (1) defendants weigh the mail before it leaves the prison "for the sole purpose of finding a reason to reject, delay, and return outgoing personal and legal mail;" (2) defendants have instituted maximum/minimum purchase requirements for stamps at the prisoner store; and (3) CCCF lacks United States mail depositories. La Mar sought declaratory and injunctive relief and monetary damages.
 
 
 4
 Thereafter, defendants moved for summary judgment. By opinion and order dated August 31, 1989, the district court entered a partial summary judgment dismissing several claims asserted by La Mar. The court concluded: (1) that MDOC was immune from suit under the eleventh amendment, see Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); (2) that defendants Piggott and Mitchell had no involvement with the handling and processing of mail at CCCF; (3) that La Mar's claims against Piggott and Mitchell concerning the availability and denomination of stamps did not raise a constitutional claim; and (4) that La Mar's claim regarding federal mail depositories failed to implicate a constitutional right.
 
 
 5
 By an opinion and order dated February 13, 1990, the district court granted defendant Jones's motion for summary judgment as to La Mar's specific claims of denial of access to the courts. The court found that there was substantial evidence contained in the record indicating that La Mar could not establish the denial of an adequate opportunity to present his claims fairly to the courts, see Bounds v. Smith, 430 U.S. 817, 823 (1977), or prejudice in any court proceeding, see Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 6
 Upon consideration, we conclude that summary judgment was properly entered for defendants as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation